G. Thomas Martin, III, Esq. (SBN 218456)
**PRICE LAW GROUP, APC**
15760 Ventura Blvd., Suite 1100
Encino, CA 91436
T: (818) 907-2030; F: (818) 205-2730
tom@plglawfirm.com

Attorneys for Plaintiff,
JEANETTE GRATTON

E-filing

FILED
OCT 26 2012
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA



| | |
|---|---|
| JEANETTE GRATTON,<br><br>　　　Plaintiff,<br><br>vs.<br><br>PREMIERE CREDIT OF NORTH AMERICA, LLC; and DOES 1 through 10, inclusive,<br><br>　　　Defendants. | Case No.: C12-5525  JCS  ADR<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>(Unlawful Debt Collection Practices)<br><br>Demand Does Not Exceed $10,000 |

## COMPLAINT

### I.   INTRODUCTION

1. This is an action for actual and statutory damages brought by plaintiff Jeanette Gratton (hereinafter "Plaintiff"), an individual consumer, against defendant Premiere Credit of North America, LLC for violations of the law,

including, but not limited to, violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## *II.   JURISDICTION*

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337 and § 1331. Venue in this District is proper in that the Defendant transacts business here and the conduct complained of occurred here.

## *III.   PARTIES*

3. Plaintiff, Jeanette Gratton is a consumer, a natural person allegedly obligated to pay any debt, residing in Contra Costa County, in the state of CA.

4. Defendant, Premiere Credit of North America, LLC is a foreign corporation engaged in the business of collecting debt in this state with its principal place of business located in the state of Indiana. The principal purpose of Defendant is the collection of debts in this state and Defendant regularly attempts to collect debts alleged to be due another.

5. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## IV. FACTUAL ALLEGATIONS

6. Upon information and belief, within one year prior to the filing of this complaint, Defendant called Plaintiff; seeking and demanding payment for an alleged consumer debt owed under an account number.

7. The debt that Defendant is attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

8. Upon information and belief, Defendant began contacting Plaintiff and placing collection calls to Plaintiff sometime prior to September 19, 2012.

9. Upon information and belief, within one year prior to the filing of this complaint, Defendant lied to and/or made misleading statements to Plaintiff, threatening it would garnish her itself, when it cannot do so.

10. Upon information and belief, within one year prior to the filing of this complaint, Defendant used offensive and verbally abusive language in communication(s) with Plaintiff, in violation of the FDCPA.

11. Defendant, during communications with Plaintiff, within one year prior to the filing of this complaint, did not state that Defendant was a debt collector,

attempting to collect on a debt, and that any information obtained would be used for that purpose.

12. As a result of the acts alleged above, Plaintiff suffered emotional distress resulting in her feeling stressed, amongst other negative emotions.

13. Defendant's illegal abusive collection communications as more fully described above were the direct and proximate cause of severe emotional distress on the part of Plaintiff.

## V.  FIRST CLAIM FOR RELIEF

14. Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

15. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

(a) Defendant violated *§1692f* of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt; and

(b) Defendant violated *§1692e(10)* of the FDCPA by using false, deceptive, or misleading representation or means in connection with the collection of Plaintiff's alleged debt; and

(c) Defendant violated *§1692e(2)(B)* of the FDCPA by falsely

representing the services rendered or compensation which may be lawfully received by the Defendant for the collection of the alleged debt; and

(d) Defendant violated *§1692e(5)* of the FDCPA by threatening to take action that it did not intend to take; and

(e) Defendant violated *§1692e(11)* of the FDCPA by failing to disclose in the oral communications with Plaintiff that the communications were from a debt collector, and that the debt collector was attempting to collect a debt, and that any information obtained would be used for that purpose, when said communications were not formal pleadings; and

(f) Defendant violated *§1692d(2)* of the FDCPA by using language the natural consequence of which was to abuse the hearer or reader.

16. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

17. As a result of the foregoing violations of the FDCPA, Defendant is liable to the plaintiff Jeanette Gratton for actual damages, statutory damages, and costs and attorney fees.

## VI. SECOND CLAIM FOR RELIEF

18. Plaintiff repeats and realleges and incorporates by reference the foregoing paragraphs.

19. Defendant violated the RFDCPA. Defendant's violations include, but are not limited to the following:

> (a) Defendant violated §1788.17 of the RFDCPA by being a debt collector collecting or attempting to collect a consumer debt that is not compliant with the provisions of Sections 1692b to 1692j of the FDCPA, the references to federal codes in this section referring to those codes as they read as of January 1, 2001.

20. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

21. As a result of the foregoing violations of the RFDCPA, Defendant is liable to the plaintiff Jeanette Gratton for declaratory judgment that Defendant's conduct violated the RFDCPA, actual damages, statutory damages, and costs and attorney fees.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against defendant Premiere Credit of North America, LLC for the following:

A. Actual damages.

B. Statutory damages pursuant to 15 U.S.C. § 1692k.

C. Statutory damages pursuant to Cal. Civ. Code § 1788.30.

D. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k and Cal. Civ. Code § 1788.30.

E. For such other and further relief as the Court may deem just and proper.

RESPECTFULLY SUBMITTED,

DATED:  October 22, 2012        **PRICE LAW GROUP APC**

By: _____
G. Thomas Martin, III
Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, JEANETTE GRATTON, demands trial by jury in this action.